# EXHIBIT 3



STATE OF CALIFORNIA
STATE WATER RESOURCES CONTROL BOARD

In the matter of:
July 17, 2020 Water Quality Certification For Federal Permit Or License for Yuba County Water Agency
Yuba River Development Project (FERC No. 2246)

# YUBA COUNTY WATER AGENCY'S PETITION FOR RECONSIDERATION OF JULY 17, 2020 WATER QUALITY CERTIFICATION FOR FEDERAL PERMIT OR LICENSE

Pursuant to title 23, section 3867, of the California Code of Regulations, Yuba County Water Agency ("YCWA") hereby petitions for the State Water Resources Control Board's reconsideration of the Water Quality Certification For Federal Permit Or License, for YCWA's Yuba River Development Project (FERC No. 2246) that the Executive Director issued to YCWA on July 17, 2020 (the "Delegated Certification").

## Executive Summary

In 1959, the Legislature created Yuba County Water Agency to serve Yuba County's people by addressing the county's water problems, including deadly floods on the Yuba and Feather Rivers and overdrafted groundwater basins. These problems had existed long before 1959, largely because hydraulic mining in the 1800s had obliterated the Yuba River's channel as a result of more mining debris being washed into the river's watershed than the amount of earth moved to build the Panama Canal. YCWA has sought to address the county's water problems mainly through its construction and operation of the Yuba River Development Project (the "YRDP"). Even though other water users export up to 33%-34% of the watershed's runoff to other areas in dry and critically dry years, YCWA's operation of its project has provided reliable surface water supplies for the county, which corrected the prior groundwater overdraft. YCWA's operation of its project also addressed some of the county's flooding problems, both because its New Bullards Bar Dam can reduce peak flood flows and by generating revenue to provide a reliable source of local funding to support levee repairs and other flood reduction efforts. Moreover, YCWA's operations have improved conditions for salmon and steelhead in the lower Yuba River, which, before YCWA's project, was such poor habitat for salmon that the California Department of Fish and Wildlife ("CDFW") would build a physical barrier across the river's mouth to prevent

salmon from migrating into it in the early fall. YCWA's responsibilities, however, are by no means complete. The majority of Yuba County's communities are disadvantaged communities whose economic progress and social advancement is restrained by, among other variables, continuing flood risks. YCWA therefore needs to continue to responsibly operate its project to address the county's water problems. YCWA also must continue to supply surface water to sustainably manage the groundwater basins, as most Yuba County public water supplies depend on it.

To continue to support Yuba County's communities, environment and economy, YCWA is seeking a new 50-year license from the Federal Energy Regulatory Commission ("FERC") to operate its project to generate hydroelectricity, provide reliable water supplies, and continue to benefit the river's fish. YCWA has spent years in FERC's relicensing process, in hundreds of meetings and conference calls with state and federal agencies and stakeholders, and has spent tens of millions of dollars on environmental and other studies. If, in the end, FERC were to issue a new multi-decade license for YCWA's project, corresponding to the environmental impact statement that FERC prepared with the U.S. Army Corps of Engineers, then YCWA would be able to continue its work to benefit Yuba County and also provide meaningful benefits to much of California through water transfers in dry years.

Unfortunately, the Delegated Certification will significantly impair YCWA's ability to continue all of this work for the people of Yuba County. *The extensive technical analyses that YCWA is submitting with this Petition indicate that the Delegated Certification could have a nearly $500 million impact over a 50-year FERC license term on YCWA and its capacity to support Yuba County's many disadvantaged communities – not counting hundreds of millions of dollars more in potential fish-passage costs and the economic impact on Yuba County's farmers from severely reduced surface-water supplies.* The certification could compel YCWA to shoulder primary responsibility for improving fisheries habitat in the lower Yuba River, even though YCWA's technical work shows that the certification's terms actually might damage fish habitat conditions by, among other things, causing water temperatures to exceed key thresholds for salmon more often. One of the Delegated Certification's conditions, for example, could require YCWA to spend hundreds of millions of dollars to move fish above the federal government's Englebright Dam – which was built in the early 1940s to contain hydraulic mining debris. The Delegated Certification presents a dangerous financial risk to YCWA by potentially increasing annual expenses, and

decreasing hydroelectric and water-sale annual revenues, by many millions of dollars in each direction. Facing such a serious pinch, YCWA would be forced to reduce its expenditures on flood damage reduction projects, habitat and watershed restoration, recreation, and community grants. Such an outcome would further burden vulnerable populations in Yuba County's disadvantaged communities.

Finally, in violation of basic fair hearing, due process and open meeting requirements, the Delegated Certification was issued with no public process in which YCWA could have demonstrated the certification's many problems. In fact, YCWA did not even have an application for a water quality certification pending, making the Delegated Certification invalid under the State Board's own regulations.

For these reasons, and the many others stated in the materials submitted with this Petition, YCWA respectfully requests that the State Board grant reconsideration of the Delegated Certification and promptly vacate it.

**1. Name, address and telephone number of the petitioner (Cal. Code Regs., title 23, § 3867, subd. (d)(1))**

Yuba County Water Agency
1220 F Street
Marysville, CA 95901
(530) 741-5000

All communications to the petitioner should be directed to its attorney, namely:

Ryan S. Bezerra
Bartkiewicz, Kronick & Shanahan
1011 Twenty Second Street
Sacramento, California 95816
(916) 446-4254
rsb@bkslawfirm.com

**2. The specific action or failure to act which the State Board is requested to reconsider and a copy of any document issuing or denying certification that is referred to in the petition (Cal. Code Regs., title 23, § 3867, subd. (d)(2))**

The State Board is requested to reconsider the issuance of the Delegated Certification and vacate that certification in its entirety. A copy of the Delegated Certification is attached to this Petition as Attachment P1.

**3. The date on which the certification action or failure to act occurred (Cal. Code Regs., title 23, § 3867, subd. (d)(3))**

The Executive Director issued the Delegated Certification on July 17, 2020.

**4. A full and complete statement of reasons why the action or failure to act was inappropriate or improper (Cal. Code Regs., title 23, § 3867, subd. (d)(4))**

As explained in detail in the attached Statement of Reasons Why The Action Or Failure To Act Was Inappropriate Or Improper (the "Statement") and the additional materials submitted with this Petition, the issuance of the Delegated Certification was inappropriate and improper because:

- There was no legal authority for the Delegated Certification's issuance because YCWA had no pending application for a water quality certification, which is required by the State Board's regulations before it issues such a certification;
- The regulations that authorize the Executive Director to take "all actions" on applications for water quality certifications, and the many sub-delegations to State Board staff in the Delegated Certification, are invalid because the State Board members hold a public trust to exercise their special judgment and discretion in such matters and that trust cannot be delegated without explicit authorization from the Legislature, which does not exist here;
- The process by which the Delegated Certification was issued without public proceedings in which YCWA and others could meet and address the relevant evidence, and without a quorum of the State Board voting in an open meeting, violated applicable fair hearing requirements, the state's Administrative Adjudication Bill of Rights, the Bagley-Keene Open Meeting Act and constitutional due process principles;
- While the Delegated Certification appears to be largely focused on benefiting the Yuba River's salmon and steelhead, it does not analyze its potential to actually damage those fish by increasing water temperatures and reducing aquatic habitat at key times. YCWA analyzed this potential by assuming that the State Board staff would exercise their sub-delegated authority to require YCWA to comply with CDFW's recommendations in the FERC process – on which the Delegated Certification (p. 17) relies – and the State Board staff's proposed Bay-Delta water quality control plan amendments. YCWA's analysis demonstrates that this projected implementation of the

Delegated Certification would cause lower Yuba River water temperatures to exceed important temperatures thresholds for salmon more often. For example, as shown on the attachment Attachment P3, which consists of figures from YCWA's analysis in Appendix B, implementation of CDFW's recommendations and the State Board staff's proposed Bay-Delta water quality objectives would result in lower Yuba River water temperatures exceeding upper optimal (UO) and upper tolerable (UT) thresholds for key lifestages of listed spring-run Chinook salmon 14% to 35% more often and in drier conditions when that listed species is particularly vulnerable. (See Appendix B, p. 39, Figures WTS-1 and WTS-2.)[1]

- The Delegated Certification does not analyze its impacts on all beneficial uses of the Yuba River's water or its potential to cause indirect effects on Yuba County's many disadvantaged communities, and the county's previously overdrafted groundwater basin. For example, the Delegated Certification contains no indication that water-supply impacts were considered in developing its terms, even though irrigated agriculture is Yuba County's primary industry and has long relied upon Yuba River water. Yuba's modeling of the Delegated Certification's potential implementation through sub-delegated staff authority indicates that it could cause surface-water shortages reaching 36% in dry years and 49% in critical years, which could indirectly result in renewed overdraft of the county's groundwater and dewatering of domestic wells. (Attachment B1, p. 17, Table 3.1; Appendix G.) The absence of any consideration of such factors causes the Delegated Certification to violate Article X, section 2 of the California Constitution, the fundamental policies of the Porter-Cologne Water Quality Control Act and basic rules of California and federal administrative law;
- The Delegated Certification exceeds the allowable scope of a water quality certification because it seeks to require YCWA to address the impacts of others' actions and facilities – including damage done to the Yuba River by historic hydraulic mining and reductions in flows associated with exports

[1]On attachment P3, implementation of the Delegated Certification is represented as "Projected Condition 1 (D)."

from the watershed by other diverters – by, among other things, moving fish above the U.S. Army Corps of Engineers' Englebright Dam; and

- The Delegated Certification's issuance violated CEQA because it was not authorized by the recent amendment to Water Code section 13160, given that the Delegated Certification cannot change the past facts on which FERC found that waiver had occurred.

The problems with the Delegated Certification are perhaps best typified by the fact that it does not consider well-documented conditions affecting the Yuba River prior to the YRDP's construction, including:

- The continuing effects on the Yuba River and its habitat for fish resulting from hydraulic mining, which discharged an estimated "684 million cubic yards of gravel and debris . . . into the Yuba River system – more than triple the volume of earth excavated during construction of the Panama Canal" (Yoshiyama et al, "Historical and Present Distribution of Chinook Salmon in the Central Valley Drainage of California" (2001) p. 122 (Attachment C16)); and
- During the 1960s, prior to the YRDP's construction, CDFW sometimes would build a physical barrier across the mouth of the Yuba River to prevent salmon from migrating into the river until mid-October (Wooster & Wickwire, "A Report On The Fish And Wildlife Resources Of The Yuba River To Be Affected By The Marysville Dam And Reservoir And Marysville Afterbay And Measures Proposed To Maintain These Resources (CDFG prelim. draft 1970) p. 52 (Attachment C14)).

**5. The manner in which the petitioner is aggrieved (Cal. Code Regs., title 23, § 3867, subd. (d)(5))**

As explained in more detail in the materials submitted in support of this Petition, and as the agency the Legislature specially created in 1959 to address the "water problems" of Yuba County, YCWA is aggrieved by the Delegated Certification because it could, among other things:

- Allow the State Board's staff members – without holding any hearing – to require YCWA to spend hundreds of millions of dollars to implement fish passage above the federal Englebright Dam, which predated the YRDP by

over 25 years and would continue to block fish passage if the YRDP were to cease operating;

- Allow the State Board's staff members – without holding any hearing – to impose new streamflow requirements on YCWA that could significantly reduce YCWA's hydroelectric generation and agricultural water supplies, including supplies that are used in areas that were in a state of significant overdraft before YCWA's deliveries began;
- Significantly impair, through approximately $500 million in lost revenues and increased costs that do not include potentially hundreds of millions of dollars more in potential fish-passage costs, YCWA's ability to support public safety and other projects to benefit the people of Yuba County and their disadvantaged communities (Appendix F); and
- Adversely affect YCWA's implementation of measures to benefit the Yuba River's salmon and steelhead by compelling YCWA to operate its facilities in a manner that would, among other things, significantly reduce reservoir storage and consequently increase the river's water temperatures at sensitive times for those fish.

**6. The specific action by the state board which the petitioner requests (Cal. Code Regs., title 23, § 3867, subd. (d)(6))**

YCWA requests that the State Board grant reconsideration and immediately vacate the Delegated Certification. If the State Board were to grant reconsideration and consider modifying the Delegated Certification, then YCWA requests a formal hearing before the State Board and objects to any informal hearing for that purpose. In any hearing, there would need to be an appropriate separation of functions among the State Board's staff members, given that an unknown number of those staff members participated in preparing the Delegated Certification. (See *Morongo Band of Mission Indians v. State Water Resources Control Bd.* (2009) 45 Cal.4th 731, 737-738 (investigative and advisory functions must be separated within an individual matter).)

**7. A list of persons, if any, other than the petitioner and applicant, if not the petitioner, known to have an interest in the subject matter of the petition (Cal. Code Regs., title 23, § 3867, subd. (d)(7))**

The Federal Energy Regulatory Commission. The U.S. Environmental Protection Agency, Region 9. The Central Valley Regional Water Quality Control Board. Foothills

Water Network. The July 17, 2020 letter by which the Executive Director transmitted the Delegated Certification to YCWA also states that the State Board has an "Interested Parties Mailing List," but YCWA is not aware of who is on that list.

8. **A statement that the petition has been sent to the appropriate regional board or executive officer and to the applicant, if not the petitioner (Cal. Code Regs., title 23, § 3867, subd. (d)(8))**

Electronic copies of this Petition, and all materials submitted with this Petition, have been sent to the following:

Mr. Patrick Pulupa
Executive Officer
Central Valley Regional Water Quality Control Board
11020 Sun Center Drive, Suite 200
Rancho Cordova, California 95670

There was no applicant for a water quality certification in this case. The Executive Director denied without prejudice YCWA's prior application for a water quality certification in a July 31, 2019 letter and YCWA has not filed a new application after that date.

9. **A copy of a request to the executive director or appropriate executive officer for preparation of the state board or regional board staff record, if applicable and available, which will include a tape recording or transcript of any pertinent regional board or staff hearing (Cal. Code Regs., title 23, § 3867, subd. (d)(9))**

A copy of the August 13, 2020 letter sent to the Executive Director requesting the preparation of the administrative record is attached to this Petition as Attachment P2.

10. **A summary of the manner in which and to what extent the petitioner participated in any process (e.g., public hearing testimony, discussion with agency personnel, correspondence), if available, leading to the action or failure to act in question (Cal. Code Regs., title 23, § 3867, subd. (d)(10))**

YCWA is not aware of any open process leading to the Delegated Certification's issuance. The Executive Director denied YCWA's prior application for a water quality certification without prejudice in a July 31, 2019 letter and YCWA has not filed another application. In a July 16, 2020 electronic meeting, the Executive Director orally informed YCWA that she would be issuing the Delegated Certification the following day. That was the first time that anyone affiliated with the State Board informed anyone affiliated with YCWA that the Executive Director was considering issuing the Delegated Certification. To the extent that the regulatory process before FERC for the YRDP's relicensing may be

considered a "process leading to the action in question," YCWA has participated continuously in that process for years in its role as the applicant.

## Conclusion

For the reasons set forth above, and in the Statement and additional materials submitted with this Petition, Yuba County Water Agency respectfully requests that the State Water Resources Control Board grant reconsideration of the Delegated Certification and immediately vacate the Delegated Certification.

Dated: August 14, 2020

Respectfully submitted,

BARTKIEWICZ, KRONICK & SHANAHAN
A Professional Corporation

By: ______________________
Ryan S. Bezerra

Attorneys for Petitioner Yuba County Water Agency

## PROOF OF SERVICE

I, Mikah Erickson, declare:

I am over the age of eighteen and not a party to this action. I work in Sacramento County at 1011 Twenty-Second Street, Sacramento, California 95816.

On August 14, 2020, following ordinary business practices, I placed the following document:

**YUBA COUNTY WATER AGENCY'S PETITION FOR RECONSIDERATION OF JULY 17, 2020 WATER QUALITY CERTIFICATION FOR FEDERAL PERMIT OR LICENSE**

[] for collection and mailing via First Class U.S. Mail with the United States Postal Service, Sacramento, California, 95816, in a sealed envelope with postage prepaid addressed to:

[X] for collection and overnight delivery with Federal Express, Sacramento, California, 95816, in a sealed envelope addressed to:

Mr. Patrick Pulupa
Executive Officer
Central Valley Regional Water Quality Control Board
11020 Sun Center Drive, Suite 200
Rancho Cordova, CA 95670
(916) 464-4600

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 14, 2020, at Sacramento, California.

Mikah Erickson