UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUBA COUNTY WATER AGENCY,<br><br>  Plaintiff,<br><br>v.<br><br>EILEEN SOBECK, Executive Director of the California State Water Resources Control Board, in her official capacity,<br><br>E. JOAQUIN ESQUIVEL, Chair of the California State Water Resources Control Board, in his official capacity,<br><br>DORENE D'ADAMO, Vice Chair of the California State Water Resources Control Board, in her official capacity,<br><br>TAM M. DODUC, Member of the California State Water Resources Control Board, in her official capacity,<br><br>SEAN MAGUIRE, Member of the California State Water Resources Control Board, in his official capacity,<br><br>LAUREL FIRESTONE, Member of the California State Water Resources Control Board, in her official capacity,<br><br>and CALIFORNIA STATE WATER RESOURCES CONTROL BOARD,<br><br>  Defendants. | Civil Action No. 1:20-cv-03297-TNM |

**MOTION OF YUBA COUNTY WATER AGENCY FOR
PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Yuba County Water Agency ("Yuba Water Agency")

hereby moves for partial summary judgment on Count I of its Complaint.  This Motion is

1

supported by Yuba Water Agency's contemporaneously filed Statement of Points and Authorities, Statement of Material Facts Not in Genuine Dispute, Declaration of Ryan S. Bezerra ("Bezerra Decl.") and accompanying exhibits, Declaration of Geoffrey L. Rabone ("Rabone Decl.") and accompanying exhibit, and a Proposed Order. As grounds for this Motion, Yuba Water Agency states that:

Under the Federal Power Act ("FPA"), 16 U.S.C. § 791a *et seq.*, the Federal Energy Regulatory Commission ("FERC") has comprehensive planning authority and regulatory authority over the licensing and regulation of non-federal hydroelectric generating facilities. Compl. ¶ 72 (Nov. 13, 2020), ECF No. 1; P. & A. ¶¶ 1–2. The FPA gives FERC the authority to issue licenses for non-federal dams, such as Yuba Water Agency's Yuba River Development Project ("Yuba River Project"), for up to 50 years, and, on application for renewal, to relicense such a project, with such conditions as FERC may impose. Compl. ¶¶ 73–76; P. & A. ¶¶ 3–4.

Hydroelectric projects licensed under the FPA are subject to Clean Water Act ("CWA") section 401 water quality certification requirements. Compl. ¶ 78; P. & A. ¶ 6. Under CWA section 401 (33 U.S.C. § 1341), unless the relevant state agency waives its authority, applicants for a federal license or permit must obtain, from that state agency prior to issuance of any federal license or permit for a project that may result in a discharge to navigable waters, a certification that the project would be consistent with the applicable water quality standards. Compl. ¶ 79; P. & A. ¶ 6. States lack "veto power" or inherent sovereign power over federally licensed hydroelectric projects. *First Iowa Hydro-Elec. Coop. v. Fed. Power Comm'n*, 328 U.S. 152, 164, 181–82 (1946); *see also California v. FERC*, 495 U.S. 490, 507 (1990); Compl. ¶ 77; P. & A. ¶ 5.

Under CWA section 401, the state agency may only act on an application for a water

quality certification filed by the applicant for the relevant federal license or permit. CWA section 401, subdivision (a)(1) states, in relevant part:

> Any applicant for a Federal license or permit to conduct any activity . . . which may result in any discharge to the navigable waters, shall provide the licensing or permitting agency a certification from the State in which the discharge originates or will originate . . . that any discharge will comply with the applicable provisions of sections 1311, 1312, 1313, 1316, and 1317 of this title. . . . Such State . . . shall establish procedures for public notice in the case of *all applications for certification by it* and, to the extent it deems appropriate, procedures for public hearings *in connection with specific applications*. . . .

33 U.S.C. § 1341(a)(1) (emphasis added); *see also* 40 C.F.R. § 121.7; Compl. ¶ 80; P. & A. ¶ 7.

"Th[e] language [of CWA section 401(a)(1)] clearly expresses a congressional intent to place the burden of requesting a state water quality certification on the license applicant." *State of North Carolina v. FERC*, 112 F.3d 1175, 1184 (D.C. Cir. 1997); *see also* Compl. ¶ 80; P. & A. ¶ 7. The regulations that the California State Water Resources Control Board ("California Water Board") itself has adopted concerning the issuance of CWA section 401 water quality certifications also require that the board act only on applications for such certifications. For example, section 3859, subdivision (a), of the California Water Board's regulations states:

> *After review of the application*, all relevant data and any recommendations of a regional board, other state and federal agencies, and any interested person, the state board, [or] the executive director, when acting as the state board's designee . . . shall issue certification or deny certification for any discharge resulting from a pertinent activity before the federal period for certification expires.

Cal. Code Regs., tit. 23, § 3859(a) (emphasis added); *see also id.* §§ 3855, 3856, 3858; P. & A. ¶ 8.

If the state fails or refuses to act on an application for a CWA section 401 certification within one year after receipt of such request, the CWA section 401 certification requirement is waived with respect to such federal license or permit. 33 U.S.C. § 1341(a)(1); *Hoopa Valley Tribe v. FERC*, 913 F.3d 1099, 1103–04 (D.C. Cir. 2019), *reh'g denied*, No. 14-1271, 2019 WL

3928669 (D.C. Cir. Apr. 26, 2019), *cert. denied sub nom. Cal. Trout v. Hoopa Valley Tribe*, 140 S. Ct. 650 (2019); *see also* Compl. ¶¶ 44, 81.

On August 24, 2017, Yuba Water Agency filed a CWA section 401 certification application for the relicensing of its Yuba River Project. Compl. ¶ 39; California Water Board Motion at 5 (Feb. 8, 2021), ECF No. 11; Statement Mat. Facts Not Disp. ¶ 1; Rabone Decl. ¶ 4.a. California Water Board issued a public notice of the application on September 21, 2017. Compl. ¶ 40; Statement Mat. Facts Not Disp. ¶ 2; Rabone Decl. ¶ 4.a. Pursuant to CWA section 401, the California Water Board had one year from receipt of the application to act on Yuba Water Agency's CWA section 401 application. 33 U.S.C. § 1341(a)(1); Compl. ¶ 41; Statement Mat. Facts Not Disp. ¶ 3. After an email exchange with the Staff of the California Water Board in July 2018, Yuba Water Agency withdrew and re-submitted its application in August 2018. *Yuba Cty. Water Agency*, 171 FERC ¶ 61,139 at P 6 (2020); Compl. ¶¶ 42–43; California Water Board at 5; Statement Mat. Facts Not Disp. ¶ 4; Rabone Decl. ¶¶ 4.c, 4.d.

It is undisputed that Defendant Sobeck, as the Executive Director of the California Water Board, denied Yuba Water Agency's last CWA section 401 certification application for the Yuba River Project's application for a new license from FERC without prejudice in July 2019 and that, since that time, Yuba Water Agency has not submitted a new certification request for that Project's relicensing by FERC. Compl. ¶ 46; California Water Board Motion at 5; Statement Mat. Facts Not Disp. ¶¶ 6–7; Rabone Decl. ¶¶ 3, 4.e.[1]

---

[1] There is no certified index of the administrative record of the proceedings before the California Water Board. Indeed, the California Water Board filed an unopposed motion for relief from Local Rule 7(n), which requires administrative agencies to file a certified list of the contents of the administrative record with the Court in cases involving the judicial review of administrative agency actions. On February 9, 2021, this Court issued a Minute Order granting the California Water Board's motion to dispense with preparing such a certified index. Yuba Water Agency did request the administrative record from the California Water Board, but is not yet in complete receipt of it. Bezerra Decl. ¶¶ 4, 5. There appears to be no dispute about the authenticity of the

On August 22, 2019, Yuba Water Agency filed a request for a FERC determination that the California Water Board waived its certification authority under section 401 of the CWA. *Yuba Cty. Water Agency*, 171 FERC ¶ 61,139 at P 10; *see also* Compl. ¶ 48; California Water Board Motion at 5; Statement Mat. Facts Not Disp. ¶ 8.  On May 21, 2020 FERC determined that the California Water Board had waived its authority to issue a CWA section 401 water quality certification for the Yuba River Project's relicensing by FERC because it did not act on Yuba Water Agency's 2017 request for such a certification within one year of receipt of the application, and sought the withdrawal and resubmittal of the application. *Yuba Cty. Water Agency*, 171 FERC ¶ 61,139 at P 20 ("The coordination between the Board and Yuba [Water Agency] alone is sufficient evidence that the California [Water] Board sought the withdrawal and resubmittal of the Yuba River application to circumvent the one-year statutory deadline for the state agency to act [under Section 401]."); *see also* Compl. ¶ 48; California Water Board Motion at 5; Statement Mat. Facts Not Disp. ¶ 9.[2]  FERC issued an Order Denying Rehearing of its waiver determination on July 21, 2020. *Yuba Cty. Water Agency*, 172 FERC ¶ 61,080 (2020); *see also* Compl. ¶ 50; California Water Board Motion at 5; Statement Mat. Facts Not Disp. ¶ 12.

---

documents relied on by Yuba Water Agency in this Motion, because those documents were relied on in proceedings before FERC or are documents generated by the California Water Board, or because of those documents' proper place in any record of the issuance of the July 17, 2020 certification.  *See generally* Rabone Decl.  Accordingly, Yuba Water Agency hereby requests that the Court determine that Local Rule 7(h)(2) does not apply, and that, in the circumstances, it would be appropriate to follow Local Rule 7(h)(1) instead.  Yuba Water Agency also requests that pursuant to Federal Rule of Evidence 201, this Court take judicial notice of Yuba Water Agency's Exhibits, both those filed with its Complaint and with this Partial Motion for Summary Judgment, as the California Water Board, *et al.* did in their Motion to Dismiss, Transfer, or Stay. *See* California Water Board Motion at 6 n.2, 8 n.4.
[2] FERC's waiver decision is currently under review by the U.S. Court of Appeals for the Ninth Circuit. *Cal. State Water Res. Control Bd. v. FERC*, No. 20-72782 (9th Cir. filed Sept. 17, 2020) and *S. Yuba River Citizens League v. FERC*, No. 20-72800 (9th Cir. filed Sept. 18, 2020) (consolidated).  A briefing schedule has been set, but the cases have not been briefed, argued, or decided as of this time. California Water Board Motion at 7–8; Statement Mat. Facts Not Disp. ¶ 13.

Because Defendant Sobeck had denied Yuba Water Agency's last application for a water quality certification on July 31, 2019, and Yuba Water Agency did not file a new application, Yuba Water Agency had no application for such a certification pending before the California Water Board when Defendant Sobeck, as the California Water Board's Executive Director, issued such a purported certification for FERC's relicensing of the Yuba River Project on July 17, 2020. Compl. ¶¶ 107–18; P. & A. ¶ 7; California Water Board Motion at 5; Statement Mat. Facts Not Disp. ¶¶ 7, 10–11. Defendant Sobeck and the California Water Board therefore exceeded the State of California's authority under CWA section 401 and under the California Water Board's own associated regulations in issuing that purported certification. *See* P. & A. ¶ 7.

Accordingly, Yuba Water Agency moves for (a) a declaratory judgment that the issuance by Defendant Sobeck and the California Water Board of a CWA section 401 water quality certification for the Yuba River Project on July 17, 2020, when no Yuba Water Agency application for water quality certification was before the California Water Board, exceeded the State of California's authority under CWA section 401 and associated regulations, and was therefore ultra vires, (b) an order commanding Defendant Sobeck and the California Water Board to vacate and withdraw the July 17, 2020 purported CWA section 401 water quality certification, and (c) an order enjoining Defendant Sobeck and the California Water Board from taking further action concerning the Yuba River Project's compliance with applicable water quality standards under a potential new license from FERC unless Yuba Water Agency submits an application for a certification of such compliance.

Respectfully submitted this 10th day of February, 2021.

By: /s/ Michael F. McBride
Michael F. McBride, DC # 243998
Michael A. Swiger, DC # 367307
Jenna R. Mandell-Rice, DC # 1021549
Ani Esenyan, DC # 1670956

VAN NESS FELDMAN, LLP
1050 Thomas Jefferson Street, NW
Washington, DC 20007
Phone: 202-298-1800
mfm@vnf.com
mas@vnf.com
jrm@vnf.com
axe@vnf.com

*Attorneys for Yuba County Water Agency*