UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUBA COUNTY WATER AGENCY,<br><br>   Plaintiff,<br><br>v.<br><br>EILEEN SOBECK, Executive Director of the California State Water Resources Control Board, in her official capacity,<br><br>E. JOAQUIN ESQUIVEL, Chair of the California State Water Resources Control Board, in his official capacity,<br><br>DORENE D'ADAMO, Vice Chair of the California State Water Resources Control Board, in her official capacity,<br><br>TAM M. DODUC, Member of the California State Water Resources Control Board, in her official capacity,<br><br>SEAN MAGUIRE, Member of the California State Water Resources Control Board, in his official capacity,<br><br>LAUREL FIRESTONE, Member of the California State Water Resources Control Board, in her official capacity,<br><br>and CALIFORNIA STATE WATER RESOURCES CONTROL BOARD,<br><br>   Defendants. | Civil Action No. 1:20-cv-03297-TNM |

**REQUEST FOR HEARING**

    California Public Resources Code section 21167.4, subdivision (a), requires any party who files a claim under the California Environmental Quality Act (CEQA) to file, within 90 days of the date of filing the Complaint, a request that the Court "set a hearing" on the CEQA Claim. This procedural requirement applies to all Claims stating a violation of CEQA, even when the alleged

1

violation is a failure to perform the required CEQA analysis. However, the statute does not require the Court to set a hearing.

To comply with the statutory mandate, Plaintiff Yuba County Water Agency hereby requests a hearing on its CEQA Claim. For clarity and the Court's ease of reference, Yuba County Water Agency states that: (1) its CEQA Claim involves only the question of whether the Defendants' issuance of the water quality certification at issue was exempt from CEQA under Water Code section 13160; and (2) that CEQA Claim does not involve a review of any CEQA environmental-review document, environmental analyses that such CEQA documents generally contain or the sort of administrative record that generally supports such analyses. In addition, Yuba County Water Agency's pending Motion for Partial Summary Judgment is based on grounds other than CEQA non-compliance, so it may not serve the interests of judicial economy to schedule any hearing on the merits of Yuba County Water Agency's CEQA Claim at this time.

Respectfully submitted on February 11, 2021.

By: /s/ Michael F. McBride
Michael F. McBride, DC # 243998
Michael A. Swiger, DC # 367307
Jenna R. Mandell-Rice, DC # 1021549
Ani Esenyan, DC # 1670956

VAN NESS FELDMAN, LLP
1050 Thomas Jefferson Street, NW
Washington, DC 20007
Phone: 202-298-1800
mfm@vnf.com
mas@vnf.com
jrm@vnf.com
axe@vnf.com

*Attorneys for Yuba County Water Agency*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2021, a true and correct copy of the foregoing document was filed using the Court's CM/ECF filing system, which shall send notice to all counsel of record.

By: */s/ Michael F. McBride*
Michael F. McBride, DC # 243998
Michael A. Swiger, DC # 367307
Jenna R. Mandell-Rice, DC # 1021549
Ani Esenyan, DC # 1670956

VAN NESS FELDMAN, LLP
1050 Thomas Jefferson Street, NW
Washington, DC 20007
Phone: 202-298-1800
mfm@vnf.com
mas@vnf.com
jrm@vnf.com
axe@vnf.com

*Attorneys for Yuba County Water Agency*